**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> SECURE HOME HOLDINGS LLC, <br><br> Debtor. <br><br> Employer's Tax Identification No. 82-1891583 | Chapter 11 <br><br> Case No. 21-10745 (xxx) |
| In re: <br><br> ACA SECURITY SYSTEMS LP, <br><br> Debtor. <br><br> Employer's Tax Identification No. 27-2763613 | Chapter 11 <br><br> Case No. 21-10746 (xxx) |
| In re: <br><br> ACA SECURITY SYSTEMS GP, LLC, <br><br> Debtor. <br><br> Employer's Tax Identification No. 27-2415674 | Chapter 11 <br><br> Case No. 21-10747 (xxx) |
| In re: <br><br> HAWK CREATION, LLC, <br><br> Debtor. <br><br> Employer's Tax Identification No. 46-4223525 | Chapter 11 <br><br> Case No. 21-10748 (xxx) |

| | |
|---|---|
| In re:<br><br>MY ALARM CENTER, LLC,<br><br>Debtor.<br><br>Employer's Tax Identification No. 91-2130273 | Chapter 11<br><br>Case No. 21-10749 (xxx) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF CASES AND
(II) WAIVING REQUIREMENTS OF BANKRUPTCY CODE
SECTION 342(c)(1) AND BANKRUPTCY RULES 1005 AND 2002(n)**

Secure Home Holdings LLC and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**," or the "**Company**"), hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting the relief described below. In support of this Motion, the Debtors rely upon the *Declaration of Amy V. Kothari in Support of Chapter 11 Petitions and First Day Papers* (the "**First Day Declaration**"),[1] and respectfully represent as follows:

**RELIEF REQUESTED**

1.  By this Motion, the Debtors respectfully request entry of an Order (a) directing the joint administration of the Chapter 11 Cases (*as defined below*) for procedural purposes only, and (b) waiving the requirement that notices provided in the Chapter 11 Cases strictly comply with Rule 2002(n) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and section 342(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**") and implementing a simplified caption to be used in all case pleadings.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

- 2 -

2.  In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all papers in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SECURE HOME HOLDINGS LLC, *et al.*, | Case No. 21-10745 (xxx) |
| Debtors.¹ | (Jointly Administered) |

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Secure Home Holdings LLC (1583); ACA Security Systems GP, LLC (5674); ACA Security Systems LP (3613); Hawk Creation, LLC (3525); and My Alarm Center, LLC (0273).  The address of the Debtors' corporate headquarters is 3803 West Chester Pike, Suite 100, Newtown Square, Pennsylvania 19073.

3.  In addition, the Debtors request that the Court make a docket entry on the docket of each of the Chapter 11 Cases (except that of Secure Home Holdings LLC) substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: Secure Home Holdings LLC, Case No. 21-10745 (\_\_); ACA Security Systems LP, Case No. 21-10746 (\_\_); ACA Security Systems GP, LLC, Case No. 21-10747 (\_\_); Hawk Creation, LLC, Case No. 21-10748 (\_\_); and My Alarm Center, LLC, Case No. 21-10749 (\_\_).  The docket for Secure Home Holdings LLC, Case. No. 21-10745 (\_\_), should be consulted for all matters affecting these cases.

**JURISDICTION AND VENUE**

4.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

5.  The legal predicates for the relief requested herein are sections 105(a) and 342(c)(1) of the Bankruptcy Code, Bankruptcy Rules 1005, 1015(b), and 2002(n), and Rules 1015-1 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

6.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

7.  On the date hereof (the "**Petition Date**") each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

8.  The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.  To date, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") has not appointed a creditors' committee in the Chapter 11 Cases, nor has any trustee or examiner been appointed therein.

10. The Debtors are a national provider of technologically advanced security solutions, including residential and commercial security systems, home automation systems, smoke and carbon monoxide detectors, and other security solutions in communities throughout the United States.  The Debtors' security solutions include, among others, home security equipment installation, monitoring and support services, "smart" home applications, alarm equipment and support services (smoke, fire, carbon monoxide, flood and intrusion), monitoring services, and premier home security, guard patrols and guard response services.  The Debtors' family of security

solution brands include such well-known national and regional brands as My Alarm Center™, Alarm Monitoring Service of Atlanta, Hawk Security Services, ACS Security and LivSecure™.

11.     Additional factual background regarding the Company's business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the First Day Declaration, which is incorporated in this Motion by reference.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

12.     If two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of the debtor and such affiliates. Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 provides that an order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Bankruptcy Rule 1015, supported by an affidavit, which establishes that the joint administration of two or more cases pending in this Court is warranted and will ease the administrative burden for the Court and the parties. Del. Bankr. L.R. 1015-1.

13.     As set forth in the First Day Declaration, each of the Debtors are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Thus, joint administration of the Debtors' Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

14.     The joint administration of the Chapter 11 Cases will promote efficiency by permitting the Clerk of the Court to use a single, general docket for the cases and to combine notice to creditors and other parties-in-interest of the Debtors' respective estates. The Debtors anticipate that almost all of the papers, hearings, and orders in the Chapter 11 Cases will relate to all of the Debtors. Moreover, the use of the simplified caption set forth above will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

15.     The rights of the respective creditors and stakeholders of each of the Debtors will not be adversely affected by joint administration of these cases because the relief sought is purely procedural and will not affect parties' substantive rights.

16.     Courts in this district have routinely granted the same or similar relief as requested in this Motion to chapter 11 debtors. *See, e.g.*, *In re the Hertz Corp.*, No. 20-11218 (MFW) (Bankr. D. Del. May 27, 2020); *In re Quorum Health Corp.*, No. 20-10766 (KBO) (Bankr. D. Del. Apr. 8, 2020); *In re Melinta Therapeutics, Inc.*, No. 19-12748 (LSS) (Bankr. D. Del. Dec. 30, 2019); *In re Imerys Talc Am., Inc.*, No. 19-10289 (LSS) (Bankr. D. Del. Feb. 14, 2019); *In re Maremont Corp.*, No. 19-10118 (KJC) (Bankr. D. Del. Jan. 23, 2019); *In re Claire's Inc.*, No. 18-10583 (MFW) (Bankr. D. Del. Mar. 20, 2018); *In re Aerogroup Int'l, Inc.*, No. 17-11962 (KJC) (Bankr. D. Del. Sept. 18, 2017); *In re True Religion Apparel, Inc.*, No. 17-11460 (CSS) (Bankr. D. Del. July 6, 2017); *In re TK Holdings Inc.*, No. 17-11375 (BLS) (Bankr. D. Del. June 27, 2017).[2]

## NOTICE

17.     Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service; (c) the Securities and Exchange Commission; (d) the parties included on the Debtors' consolidated list of their thirty (30) largest unsecured creditors; (e) the Office of the United States Attorney for the District of Delaware; (f) counsel to the proposed DIP Lender; and (g) the Banks (collectively, the "**Notice Parties**"). As this Motion is seeking "first day" relief, notice of this Motion and any order entered in connection with the Motion will be served on all parties as required by Local Rule 9013-1(m).  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

---

[2]     Because of the voluminous nature of the orders cited herein, they are not attached to this Motion, but are available upon request

## NO PRIOR REQUEST

18. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: April 25, 2021
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*
William E. Chipman, Jr. (No. 3818)
Robert A. Weber (No. 4083)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: chipman@chipmanbrown.com
weber@chipmanbrown.com
olivere@chipmanbrown.com

—and—

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Van C. Durrer, II (I.D. No. 3827)
Destiny N. Almogue (*pro hac vice* admission pending)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Email: Van.Durrer@skadden.com
Destiny.Almogue@skadden.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*